# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTIRCT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| GREG SHAW, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| RUAN TRANSPORTATON | ) | |
| MANAGEMENT SYSTEMS, INC. | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANT. | ) | |
| _____ | ) | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff, Greg Shaw, for himself and all those similarly-situated, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*. ("FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendant's violation of the FLSA.  Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiff states the following as his Collective Action Complaint in this matter:

## I.    JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the FLSA, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, Ruan Transportation Management Systems, Inc. ("Ruan"), is a foreign Corporation organized and existing under the State laws of Iowa, with a principal place of business at P.O. Box 855, Des Moines, Iowa, 50306.

4.

Service of process for Ruan can be effectuated through its registered agent CT Corporation System, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

5.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.   PARTIES

6.

Plaintiff, Greg Shaw, is an adult resident citizen of Polk County, Georgia.

7.

At all times relevant to this Complaint, Plaintiff and other similarly-situated employees were "covered employee" as defined by 29 U.S.C. §203(e)(1).

8.

At all times relevant, Defendant employed the Plaintiff and other similarly situated employees to perform labor for its benefit in this District, and Defendant made employment and compensation related decisions regarding the Plaintiff and other similarily-situated employees within this District.

9.

At all times relevant hereto, Plaintiff and other similarily-situated employees suffered and/or were permitted to work for the benefit of the Defendant.

10.

Defendant, Ruan, maintains a place of business in Georgia at 510 Tenth St, Cedartown, Georgia 30125, as well as four (4) other locations in Georgia and approximately 270 locations nationwide.

11.

Defendant lists its principal place of business as P.O. Box 855, Des Moines, Iowa, 50306.   Upon information and belief, Defendant is a foreign Corporation conducting business within the State of Georgia and within this district.

12.

Defendant describes its business as a customized transportation management Company that supplies contract carrier services and supply chain solutions.

13.

The Defendant is engaged in interstate commerce for purposes of the FLSA.

14.

Upon information and belief, Defendant's gross sales are in excess of $500,000 per year.

15.

Defendant directed Plaintiff and directed its other similarly-situated employees to individually engage in interstate commerce.

16.

Plaintiffs, and other similarly-situated employees, as part of their job duties, regularly engage in interstate commerce.

17.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is not exempt from the FLSA.

III.   FACTUAL ALLEGATIONS

18.

Plaintiff is an adult resident of the State of Georgia.  Plaintiff was employed by the Defendant from in or around 2009 through the present.

19.

Plaintiff and other similarly-situated employees were compensated on an hourly basis by the Defendant.   As an hourly employee, Plaintiff and other similarly-situated employees were entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

20.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or was employed in an enterprise that engaged in interstate commerce.

21.

Upon information and belief, Defendant classified Plaintiff and other similarly-situated employees as hourly nonexempt employees, compensating them on an hourly basis.

22.

Plaintiff was compensated at an hourly rate of $15.86 with overtime rate of $23.79 and was paid on a bi-weekly basis.

23.

Plaintiff and other similarly-situated employees were employed as Spotters or "Yard Jockey".

24.

Plaintiff's and other similarly-situated employees' job function was to move trailers for loading around the Defendant's facility.

25.

Plaintiff and other similarly-situated employees were not responsible for the loading or safety of the trailers, nor did Plaintiff and other similarly-situated employees operate the trailers on the highways.

26.

Plaintiff and other similarly-situated employees were required to move the unloaded trailers around the Defendant's facility for loading, and occasionally to move loaded trailers to a different area in the facility, if additional space is needed at the dock.

27.

The Defendant and other similarly-situated employees are required to attend quarterly meetings on weekends. These meetings are considered "compensable time" when calculating an employee's weekly hours.

28.

The Defendant paid a flat rate for the meetings regardless of the hours Plaintiff and other similarly-situated employees worked during the workweek.

29.

Plaintiff and other similarly-situated employees were regularly and routinely had a practice of taking a meal break while performing the duties of their position for the Defendant, and were therefore not free from work for purposes of the FLSA.

30.

The Defendant had a practice of deducting for meal breaks, with the knowledge that the Plaintiff and other similarly-situated employees were taking lunch breaks while performing the duties of their position.

31.

The Defendant also required Plaintiff and other similarly-situated employees to wear particular clothing while performing the duties of their position.

32.

The Defendant had a practice of failing to compensate the Plaintiff and other similarly-situated employees for donning and doofing the clothing.

33.

Defendant required Plaintiff and other similarly-situated employees to submit the hours suffered to track the hours worked each day.

34.

Plaintiff and other similarly-situated employees routinely worked in excess of forty (40) hours per week, and submitted this time to Defendant for compensation.

35.

Defendant had a practice of manipulating the time records to create a record that inaccurately reported the hours worked, and instead underreporting the hours actually suffered.

36.

During Plaintiff's employment with the Defendant as hourly employee, Defendant willfully and knowingly failed to fully compensate Plaintiff, and other similarly-situated employees for all overtime hours worked.

37.

The Defendant knowingly and willfully failed to compensate Plaintiff, and other similarly-situated employees, by paying a rate less than prescribe by the FLSA for hours worked in excess of forty (40) hours.

38.

Defendant has willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff and other similarly-situated employees at the premium overtime rate for each hour over forty (40) hours they worked per week.

39.

Defendant has willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff, and others similarly-situated employees for all hours worked.

40.

Defendant has failed to keep accurate time records for the Plaintiff, and other similarly-situated employees, in conformity with the FLSA.

41.

Defendant failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

42.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff, and other similarly-situated employees, in conformity with the requirements of the FLSA.

43.

This action is brought to recover unpaid compensation, in the form of wages, for hourly employees who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it,

and/or without being paid all straight time hours and the premium for hours worked in excess of forty (40) per week.

44.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving straight time wages and the overtime premium.

45.

For at least three (3) years, Defendant has been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendant failed to pay its employees the amount of pay as required by law.

46.

Upon information and belief, Defendant has negligently, intentionally and repeatedly manipulated its records to reflect its employees were working less hours then actually worked.

47.

As a result of these actions, Defendant fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as

long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least seven (7) years.  Defendant is estopped from raising such statute of limitations as a bar to full recovery.

48.

There are numerous similarly-situated hourly employees and former hourly employees of Defendant who have been improperly compensated in violation of the FLSA, and would likewise benefit from the issuance of Court supervised notice of this case as well as an opportunity to join the present case.

49.

As a result of the Defendant's violation of the FLSA, Plaintiff, as well as other similarly-situated employees, have suffered damages by failing to receive compensation due in accordance with the FLSA.

50.

Plaintiff, and all similarly-situated employees, are entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

51.

Defendant has not made a good faith effort to comply with the FLSA.

52.

Plaintiff, and other similarly-situated employees, are entitled to an award of attorneys' fees under the FLSA.

53.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

54.

The current hourly employees employed by the Defendant will continue to suffer irreparable injury from Defendant's unlawful and willful conduct unless enjoined by this Court.

## IV.   COUNT ONE: COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME

55.

Plaintiff incorporate by reference paragraphs 1 – 54 as if full set forth herein.

56.

The Defendant has willfully failed to compensate Plaintiff, and other similarly-situated hourly employees, for overtime hours worked during their employment at the premium rate.

57.

Defendant, by such failure, has willfully violated the overtime provisions of the FLSA.

58.

Defendant has failed to keep adequate records of all time worked by the Plaintiff.

59.

Defendant, by such failure, has willfully violated the overtime provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.   Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.   All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.   COUNT   TWO:      COLLECTIVE   ACTION   CLAIMS   FOR VIOLATIONS OF THE FLSA – TIME SHAVING

### 58.

Plaintiffs incorporate by reference paragraphs 1 – 57 as if fully set forth herein.

### 59.

Defendant willfully failed to compensate the Plaintiff and all those similarly-situated employees for all time worked.

### 60.

Defendant has failed to keep adequate records of all time worked by Plaintiff and all those similarly-situated employees.

### 61.

Plaintiff and all those similarly-situated employees were routinely required to utilize a time keeping system that Defendant manipulated to underreport the hours suffered, resulting in a violation of the FLSA that included by was not limited to a failure to fully compensate for all hours worked, a failure to pay minimum wages, and a failure to pay the overtime wages.

### 62.

By manipulating the time records, the Defendant failed to full compensate Plaintiff and all those similarly-situated employees for all hours worked.

63.

Defendant's practices and policies with regard to the timekeeping system and compensation is in direct violation of the FLSA.

64.

Defendant has willfully and knowingly violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff pray that this Honorable Court enter judgment in favor for:

A.     Payment of all wages Plaintiffs should have received under the FLSA, but for Defendant's willful violation;

B.     Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.     Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.     All reasonable costs and attorneys' fees pursuant to the FLSA.

**VI.   COUNT   THREE:   PRAYER   FOR   COLLECTIVE   ACTION PURSUANT TO 29 U.S.C. §216(B).**

65.

Plaintiffs incorporate by reference paragraphs 1 – 64 as if fully set forth herein.

65.

Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. §216(b), on behalf of themselves and all present and former non-exempt employees of the Defendant, who worked within the three (3) years prior to the filing of this complaint.

66.

Plaintiff, and those employees similarly-situated, work at a number of locations within the metropolitan Atlanta area, but are subjected to the same unlawful and willful wage policies and practice that are the subject of this complaint.

67.

Plaintiff and all those employees similarly-situated have substantially similar job duties, similar pay provisions, are all subjected to similar managerial oversight, and are all subject to the same widespread pattern and practice of unlawful wage policies and procedures.

68.

Upon information and belief, there are numerous similarly-situated current and former employees of the Defendant who were not compensated for all hours

worked, were not paid the overtime premium for those hours in excess of forty (40) per week, and were not paid at least the minimum wage.

69.

The similarly-situated employees are known to Defendant and are readily identifiable from the Defendant's employee records.

70.

There exists a common question of law and fact with regard to Plaintiff and all similarly-situated current and former employees. Those issues include but are not limited to:

    a.    Whether the Defendant failed to pay overtime wages to its employees when working more than forty (40) hours in a week.

    b.    Whether the Defendant failed to pay regular wages to its employees when working more that forty (40) hours in a week;

    c.    Whether the Defendant knowingly "shaved" the hours submitted by its employees; and

    d.    Whether the Defendant knowingly failed to pay all straight time wages.

WHEREFORE Plaintiffs, individually and on behalf of all other similarl-situated persons, in accordance with 29 U.S.C. §216(b), pray for the following relief:

A.  At the earliest time, Plaintiff be allowed to give notice, or that the Court issue such Notice to all Defendant's hourly employees in all locations during the three (3) years preceding the filing of this action, to all potential Plaintiffs who may be similarly-situated informing them of this action, the nature of this action, and inform them of their right to opt-in to this lawsuit if the employee or former employee was not paid in accordance with the FLSA;

B.  Plaintiff, and all other potential Plaintiffs, be awarded damages in the amount of each Plaintiffs' respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to the FLSA;

C.  Plaintiff's and all other potential plaintiffs' reasonable attorneys fees, costs and expenses; and

D.  Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295